United States District Court

For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   CENTER FOR BIOLOGICAL DIVERSITY; and        No. C 05-01526 WHA
     FRIENDS OF THE EARTH,
11                                                Related to:
                    Plaintiffs,
12                                                No. C 02-00027 WHA
         v.
13
     U.S. DEPARTMENT OF ENERGY,
14   U.S. DEPARTMENT OF AGRICULTURE;             **ORDER GRANTING PARTIAL**
     U.S. DEPARTMENT OF COMMERCE;                **SUMMARY JUDGMENT**
15   U.S. DEPARTMENT OF DEFENSE;
     U.S. DEPARTMENT OF HEALTH AND HUMAN
16   SERVICES;
     U.S. DEPARTMENT OF HOUSING AND URBAN
17   DEVELOPMENT;
     U.S. DEPARTMENT OF THE INTERIOR;
18   U.S. DEPARTMENT OF LABOR;
     U.S. DEPARTMENT OF TRANSPORTATION;
19   U.S. DEPARTMENT OF VETERANS AFFAIRS;
     CENTRAL INTELLIGENCE AGENCY;
20   DEPARTMENT OF HOMELAND SECURITY;
     EXECUTIVE OFFICE OF THE PRESIDENT;
21   FEDERAL COMMUNICATIONS COMMISSION;
     and GENERAL SERVICES ADMINISTRATION;
22
                    Defendants.
23                                           /

24

25                                  **INTRODUCTION**

26          Plaintiffs, environmental organizations, seek enforcement of certain provisions of the

27   Energy Policy Act of 1992.  These provisions relate to alternative fuel vehicles ("AFVs"),

28   which are capable of operating on fuel sources aside from petroleum, such as alcohol-based

     fuels, natural gas, biomass fuels or electricity.  Defendants are governmental agencies.

United States District Court

For the Northern District of California

1    Plaintiffs now move for partial summary judgment, on the basis that defendants have failed to

2    timely compile compliance reports and make them publicly available on the internet.  Insofar as

3    there are no genuine issues of material fact as to the Central Intelligence Agency's failure to

4    comply with 42 U.S.C. 13218, this motion is **GRANTED IN PART**.

5                                                **STATEMENT**

6            In the related action listed above, plaintiffs sought substantially similar relief.  The

7    relevant provisions of the Energy Policy Act of 1992 (42 U.S.C. 13211 *et seq.*) were previously

8    discussed in greater detail in a summary-judgment order for that action.  *See Ctr. for Biological*

9    *Diversity v. Abraham*, 218 F.Supp.2d 1143 (N.D. Cal. 2002).

10           To briefly summarize, the Energy Policy Act of 1992 includes several measures

11   designed to encourage the wider use of AFVs.  In particular, the federal government must meet

12   minimum AFV acquisition requirements for federal fleets.  42 U.S.C. 13212.  A "federal fleet"

13   is defined as twenty or more light-duty motor vehicles in a metropolitan area, that are centrally

14   fueled or capable or being centrally fueled and are owned, operated, leased, or otherwise

15   controlled by or assigned to any federal executive department, military department, government

16   corporation, independent establishment, or executive agency, the United States Postal Service,

17   the Congress, the courts of the United States, or the Executive Office of the President.  42

18   U.S.C. 13212(b)(3).[1]

19           Most relevant to plaintiffs' motion for partial summary judgment is a provision added on

20   November 13, 1998.  In short, 42 U.S.C. 13218(b) requires each federal agency covered by the

21   Act to prepare annual reports to Congress summarizing its compliance with the AFV purchasing

22   requirements described above.  This provision requires compliance reports to be submitted to

23   Congress "[n]ot later than 1 year after the date of enactment of this subsection" (*i.e.*, on

24   November 13, 1999) and "annually thereafter for the next 14 years."  42 U.S.C. 13218(b)(1).

25   These annual reports must be made public, by means including posting the report on a publicly

26

27   _____

28           [1] A metropolitan area is one with a 1980 population of more than 250,000.  *Ibid.*  Certain types of
     vehicles are excluded from the definition of a federal fleet, including law enforcement and emergency vehicles,
     motor vehicles acquired and used for military purposes, and non-road vehicles.  42 U.S.C. 13212(b)(3)(A-F).

                                                        2

United States District Court

For the Northern District of California

1  available website on the Internet and publishing an announcement of availability, including the

2  website address, in the Federal Register.  42 U.S.C. 13218(b)(3).

3  Plaintiffs' complaint in this action alleges:  (1) violations of the reporting requirements

4  set forth in 42 U.S.C. 13218; (2) violations of the AFV acquisitions requirements of 42 U.S.C.

5  13252;[2] (3) violations of 42 U.S.C. 13254, which requires further rulemaking to establish

6  achievable goals if the percentage requirements or dates set forth in the Act are not achievable;

7  (4) declining to impose AFV acquisitions requirements on private and municipal fleets in

8  violation of 42 U.S.C. 13257; and (5) failing to prepare an environmental impact statement in

9  violation of the National Environmental Policy Act, 42 U.S.C. 4332(2)(C).

10  The pending motion for partial summary judgment concerns only defendants' alleged

11  failure to prepare and make publicly available their annual compliance reports in a timely

12  manner.  Plaintiffs now agree that there are disputed facts with respect to whether the Federal

13  Communication Commission or the Executive Office of the President have a sufficient number

14  of vehicles to be considered federal fleets and have withdrawn their motion with respect to these

15  two federal agencies (Reply Br. 7–8).  This order addresses whether partial summary judgment

16  is appropriate for the remaining thirteen defendants.

**ANALYSIS**

17

18  **1.    LEGAL STANDARD FOR SUMMARY JUDGMENT.**

19  Summary judgment is proper where the pleadings, discovery and affidavits "show that

20  there is no genuine issue as to any material fact and that the moving party is entitled to

21  judgment as a matter of law."  FRCP 56(c).  The nonmoving party must "designate specific

22  facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

23  (1986).  A genuine dispute as to a material fact exists if there is sufficient evidence for a

24  reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*,

25  477 U.S. 242, 248 (1986).  In a summary judgment motion, the "evidence of the non-movant is

26  to be believed and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

27

28  _____

[2]  This is believed to be a typographical error as § 13212, not § 13252, sets forth the minimum AFV acquisition requirements for federal agencies.

3

1

2.    **APPLICATION.**

2        As a preliminary issue, this order notes that the parties agree that plaintiffs have

3    standing, if at all, under the Administrative Procedure Act ("APA") because there is no private

4    cause of action under the Energy Policy Act.[3]   The APA provides that "[a] person suffering a

5    legal wrong because of agency action, or adversely affected or aggrieved by agency action

6    within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. 702.

7    Agency action is defined to included a failure to act.  5 U.S.C. 551(13).  The reviewing court

8    "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706.

9    On the other hand, courts are generally inhospitable to claims of a "failure to act" that are, in

10   truth, merely "complaints about the sufficiency of an agency's action 'dressed up as an agency's

11   failure to act.'"  *Ecology Ctr., Inc. v. United States Forest Serv.*, 192 F.3d 922, 926 (9th Cir.

12   1999)(quoting *Nevada v. Watkins*, 939 F.3d 710, 714 n.11 (9th Cir. 1991)).

13       Plaintiffs present the key issue as one of statutory construction.  The Act unambiguously

14   requires the preparation and submission of compliance reports by November 13, 1998 and

15   "annually thereafter for the next 14 years," as described above.  42 U.S.C. 13218(b)(1).

16   Plaintiffs argue that the plain meaning of this provision also extends to § 13218(b)(3) to require

17   the public availability of these reports on or around November 13th every year (Reply Br. 3–4).

18   The Court disagrees.  It was previously noted that "the Act sets no specific deadline for website

19   posting and announcement of the reports' availability."  *Ctr. for Biological Diversity*, 218

20   F.Supp.2d at 1162.

21       Moreover, unlike the previous action, plaintiffs are now "merely attacking an

22   *inadequate* response."  *Ibid.*  As the Court previously observed, defendants in *that* action made

23   no evidentiary showing of compliance:

24           Had defendants shown significant indicia of compliance with Section 13218 — *i.e.*,
             posting and announcing the availability of reports for some years, but not others; by
25           presenting in the record actual copies of the reports they claim exist, but which have
             not as yet been posted because of extenuating circumstances; etc. — plaintiffs'
26           "failure to act" claim would fail as nothing more than a dressed-up challenge to the

27

28       [3]  Defendants have not challenged plaintiffs' standing to bring suit, at least for this motion, arguing
     instead that current compliance with their reporting obligations renders this particular summary-judgment
     motion moot as to all defendants but the CIA.

United States District Court

For the Northern District of California

sufficiency of the agency's compliance. . . . But they have not done so. Rather, the undisputed facts in the record here reflect a genuine failure to make the reports available and accessible to the public in the manner required by Congress." *Ibid.*

In contrast, there appears to be no genuine dispute that the majority of defendants in *this* action (*i.e.*, twelve of the remaining thirteen federal agencies) have not only shown significant indicia of compliance, but are currently *fully* compliant with their reporting obligations under the Act. Accordingly, summary judgment is **DENIED** with respect to these defendants.

As to the CIA, however, this defendant has essentially conceded that it failed to prepare or publish *any* compliance reports required under the Act (Smith Decl. ¶ 5).[4] Indeed, the CIA is now in the process of preparing a report for this fiscal year (FY 2005) and intends to comply "from this point forward" (*id.* ¶ 6–8). Yet, it is apparently "unable to recreate AFV data from prior years" (Opp. 4, fn.3). As indicated above, the first compliance reports were due on November 13, 1999. It is now almost six years later. The record currently before the Court suggests a delay sufficiently grave to constitute a "failure to act" which is judicially reviewable.

Declaratory relief is proper. This order holds that the CIA has not met its reporting obligations under 42 U.S.C. 13218(b). Injunctive relief is also consistent with the underlying purposes of the Act and appropriate here. To the extent that it is feasible to collect yearly AFV data, the CIA is hereby **ORDERED** to prepare all overdue reports not later than **NOVEMBER 14, 2005**. (If it is impossible to recreate AFV data separately for each year, the CIA shall prepare a cumulative report for fiscal years 1999-2004.) Within a reasonable time after preparing these reports, and not in any event later than **JANUARY 31, 2006**, the CIA shall make these reports available on the internet and publish a notice of availability in the Federal Reporter.

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion for partial summary judgment as to their first claim is **GRANTED IN PART**, only with respect to the CIA. The motion is otherwise **DENIED** as to the remaining defendants.

---

[4] As in the prior action, this order recognizes that the failure to meet congressional reporting obligations does not qualify as a judicially-reviewable agency action. *Guerrero v. Clinton*, 157 F.3d 1190, 1195–97 (9th Cir. 1998). A congressionally-imposed requirement to gather information and make that information available to the public, however, is "entirely different." *Natural Resources Defense Council, Inc. v. Hodel*, 865 F.2d 288, 317 n.30 (D.C. Cir. 1988).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    At the end of the case, the Court will revisit this issue and consider whether to retain

2    jurisdiction to review defendants' compliance with their § 13218 reporting requirements on a

3    year-to-year basis.

4

5    **IT IS SO ORDERED.**

6

7    Dated:  July 14, 2005



8    WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28